**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NORMA LOPEZ, Individually and as Mother and Next of Kin on behalf of A.A., a minor; and as Personal Representative of the Estate of B.L., Deceased Minor, <br><br> Plaintiff, <br><br> v. <br><br> CONTINENTAL TIRE NORTH AMERICA, INC.; LATINO'S TIRES; and LALO'S CUSTOM WHEELS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) Case No. 17-CV-477-TCK-FHM ) ) ) ) ) ) ) |

## OPINION AND ORDER

Before the Court are Plaintiff's Motion for Remand (Doc. 14), Plaintiffs' Motion to Amend Complaint (Doc. 15), and Plaintiffs' proposed First Amended Complaint (Doc. 16).

**I.   Background and Factual Allegations**

On August 1, 2015, Plaintiff Norma Lopez ("Lopez") was a passenger in a vehicle traveling northbound on Highway 169 in Tulsa County, Oklahoma, when the tread belt separated from the vehicle's left rear tire, causing the vehicle to roll over several times, ejecting three passengers. On July 27, 2017, Lopez filed a Complaint in Tulsa County District Court, individually and on behalf of A.A., a minor, as A.A.'s mother and next of kin; and on behalf of B.L., a deceased minor, as personal representative of B.L.'s estate. The Complaint named as Defendants (1) Continental Tire North America, Inc. ("Continental"), (2) Latino Tires, and (3) Lalo's Custom Wheels. The Complaint alleges that the injuries to Plaintiff, A.A., and B.L. resulted from a manufacturing defect in the left rear tire of the subject vehicle, that Defendants "knew or should have known of the high probability of the defective nature of the tire prior to production and marketing and/or sale of the

tire at issue," and that Defendants "with malice, manufactured[] and or sold the defective tire at issue," causing the accident. (Compl. ¶ 7.)

On August 24, 2017, Continental removed the case to this Court on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff and A.A. are residents of Oklahoma, and B.L. was a resident of Oklahoma at the time of his death. Continental is a limited liability company formed in the State of Ohio with its principal place of business in South Carolina. Continental contends it is also a citizen of Delaware, the Netherlands, and Germany by virtue of its corporate ownership. Latino Tires and Lalo's Custom Wheels (hereinafter, the "Retail Defendants") are domestic companies doing business in Oklahoma, and Continental does not dispute that the Retail Defendants are citizens of Oklahoma for the purpose of diversity jurisdiction. However, Continental contends the Retail Defendants were fraudulently joined and therefore their citizenship should be disregarded for the purpose of determining complete diversity. Plaintiff filed concurrently (1) a Motion to Amend Complaint, seeking to add allegations relating to the Retail Defendants, and (2) a Motion to Remand pursuant to 28 U.S.C. § 1447(c), based on a lack of subject-matter jurisdiction.

## II. Legal Standards

### A. Motion to Remand

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper. *Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003). Diversity jurisdiction requires the party to establish both complete diversity and a sufficient amount in controversy. 28 U.S.C. §

1332(a). Complete diversity exists where the citizenship of each plaintiff is diverse from the citizenship of each defendants. *Id.* The amount in controversy must exceed $75,000. *Id.*

A defendant may remove a civil action from state court where the federal court has original jurisdiction. 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a presumption against federal jurisdiction, and the removing party bears the burden to show by a preponderance of the evidence that jurisdiction exists. *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016) (citing *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("*Dutcher I*") (internal quotation omitted)).

A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). To successfully assert fraudulent joinder, the removing party bears the "heavy burden" of showing either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher I*, 733 F.3d at 988 (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). If a defendant satisfies this burden, the citizenship of the fraudulently joined party is disregarded for the purpose of determining whether complete diversity exists. *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished).[1]

Continental seeks to establish fraudulent joinder by the second method.[2] Under that method, the removing defendant must demonstrate that "there is no possibility of recovery by the

---

[1] Pursuant to 10th Circuit Rule 32.1, unpublished decisions are not precedential, but may be cited for their persuasive value.

[2] Continental suggests that the joinder of the Retail Defendants is a "patent sham" (Def.'s Combined Resp. and Obj., Doc. 19, at 8), and that Plaintiffs failed to allege whether their claimed damages exceed the amount required for federal diversity jurisdiction, *see* OKLA. STAT. tit. 12, §

plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Cuevas*, 648 F.3d at 249 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). In determining whether there is any possibility of recovery, courts may "look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent remand." *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citations omitted). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one," *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)), and the court "must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party," *id.*; *see also Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at *5-*6 (10th Cir. Apr. 14, 2000) (unpublished) (citing same).

B.  **Motion to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend] when justice so requires." District courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v.*

---

2009(G), in an attempt to avoid federal jurisdiction. However, Continental does not clearly allege actual fraud in the pleading of jurisdictional facts, and its arguments fall well short of the heavy burden to show actual fraud. *See McDaniel v. Loya*, 304 F.R.D. 617, 630 (D.N.M. 2015) ("No case sets forth the burden of proof that applies to . . . allegations of actual fraud, such as plaintiff-defendant collusion, but the Court concludes that the clear-and-convincing standard—the usual standard for fraud—is appropriate . . . .") (citing *United States v. Thompson*, 279 F.2d 165, 167 (10th Cir.1960)) (internal citation omitted).

4

*Manager, Dep't of Safety, City, and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation omitted).

### III. Analysis – Fraudulent Joinder

#### A. Whether the Court May Consider Plaintiff's Proposed First Amended Complaint

Plaintiff concedes that the original Complaint omitted specific causes of action against the Retail Defendants but contends that the omission was inadvertent. Plaintiff's counsel, Ray Berk, states that "[i]t has always been the intention of Plaintiff[] to bring the causes of action traditionally asserted against tire retailers when a defective tire failure cause injuries, including . . . negligence and breach of warranties." (Berk Aff., Doc. 14-1, at ¶ 3.) Plaintiff seeks to amend the Complaint to "clarify" these causes of action, setting forth claims for negligence and breach of warranties against the Retail Defendants. (*Id.* at ¶ 4.) The proposed First Amended Complaint also adds the factual allegation that the Retail Defendants "sold the tires that were on the vehicle at the time of the accident." (Prop. First Am. Compl., Doc. 16, at 4.)

Continental contends the Court's fraudulent joinder inquiry should be limited to the original Complaint and should ignore the proposed amendment in determining whether the case was properly removed. Continental relies primarily on *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991). There, the plaintiff amended his complaint after removal to add claims against new, non-diverse defendants. *Id.* at 1488. The district court dismissed or granted summary judgment on all of the claims against non-diverse defendants and certified its final judgment of dismissal as to all of the non-diverse defendants. On appeal, plaintiff argued that the post-removal addition of claims against non-diverse defendant rendered his action "improvidently removed" pursuant to 28 U.S.C. § 1447(c), which at the time stated that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the

5

district court shall remand the case." *See id.* The Tenth Circuit rejected this argument, noting that the right to remove a case is determined according to the pleadings at the time of removal. *Pfeiffer*, 929 F.2d at 1488 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

However, *Pfeiffer* does not resolve this case for two reasons. First, it is factually distinguishable because when the action was removed, it only named a single defendant, who had diverse citizenship from the plaintiff. Because the district court plainly had diversity jurisdiction at the outset, there was "no question" that it was properly removed to federal court. *Id.* at 1489. Second, the statutory language on which the decision in *Pfeiffer* turned is no longer in effect. Section 1447(c) no longer references whether "the case was removed improvidently and without jurisdiction." Instead, it states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (2017). Thus, in *Pfeiffer* the Tenth Circuit emphasized "the time of removal" for reasons inapplicable here. *Pfeiffer*, 929 F.2d at 1488.

By contrast, the Tenth Circuit implicitly approved a district court's consideration of a plaintiff's ability to amend claims in determining there was no fraudulent joinder. *Nerad v. Astrazeneca Pharm., Inc.*, 203 F. App'x 911 (10th Cir. 2006) (unpublished). The court held that a district court's decision was based on a jurisdictional inquiry pursuant to § 1447(c) and was therefore unreviewable. The court reasoned that "[a]lthough the [district] court considered whether future amendments might allow [plaintiff] to state his claims with sufficient particularity to satisfy Fed. R. Civ. P. 9(b), it did so only in order to determine whether there was a "reasonable possib[ility]" of success "*at the time of removal* because, although the plaintiff might be required to amend his complaint, that amendment would be allowed as a matter of course." *Id.* at 914 (emphasis in original) (internal quotation marks and citation omitted).

Similarly, in *Shue*, the court determined that the plaintiff had failed to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), but found the pleading deficiencies in plaintiff's complaint "would not justify dismissal with prejudice at this stage of the case." *Shue*, 2010 WL 4824560, at *7. The court therefore rejected defendants' fraudulent joinder argument and remanded the case. *Id.*; *see also Mendez v. Ford Motor Co.*, No. CIV. 05-623-JB/ACT, 2005 WL 3662957, at *6 (D.N.M. Sept. 29, 2005) (granting motion to remand where "[t]he dearth of facts concerning [non-diverse defendant's] alleged negligence leads the Court to conclude that it is far from certain that a negligence claim could not be sustained"); *Davis ex rel. Estate of Davis v. General Motors Corp.*, 353 F. Supp. 2d 1203, 1207-08 (M.D. Ala. 2005) (concluding that "Plaintiffs should have the ability to amend the Complaint to pursue their claims," even though the original complaint "contain[ed] no specific claims pled against" the non-diverse defendant, where "the aim of Plaintiffs' amendment was directed more toward the inclusion of proper claims against . . . an existing non-diverse defendant named in the Complaint, rather than to the exclusion of federal jurisdiction by the introduction of a completely new non-diverse defendant").

Some courts hold that "[p]ost-removal filings may not be considered . . . when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999); *Connally v. State Farm Fire & Cas. Co.*, No. CA 12-0064-KD-C, 2012 WL 2155110, at n. 16 (S.D. Ala. May 22, 2012), report and recommendation adopted, 2012 WL 2154353 (June 12, 2012) (citing *Griggs*); Widder v. State Farm Fire & Cas. Co., No. CIV 2:10-2221 WBS KJN, 2010 WL 4386698, at *2 (E.D. Cal. Oct. 28, 2010); *see also Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1304 (S.D. Ala. 2010) (concluding general rule that courts should only consider pleadings at the time of

7

removal "would be rendered pointless if a plaintiff could simply wait until after a fraudulent joinder determination, then make the same amendment and thereby secure remand"). However, the Court finds the reasoning in *Nerad* and *Shue* more applicable to this case. Based on the fact that the Retail Defendants were named in the original Complaint, their alleged connection to the accident, and the sworn affidavit of Plaintiff's counsel, the Court is satisfied that Plaintiff had, at the time of removal, at least some possibility of recovering against the Retail Defendants under state law. Furthermore, as in *Davis*, the proposed amendments are "directed more toward the inclusion of proper claims" against existing Defendants, "rather than to the exclusion of federal jurisdiction by the introduction of a completely new non-diverse defendant." *Davis*, 353 F. Supp. at 1208; *cf. Herring v. Beasley*, No. Civ.A. 05-0215-WS-B, 2005 WL 1475304, at *4 (S.D. Ala. Aug. 4, 2010) ("This is not a case in which [defendant] was omitted from the original Complaint but added later in a hasty, last-ditch attempt to subvert federal jurisdiction. Nor is this a case in which [defendant's] alleged connection to the subject matter of the Complaint is strained, tenuous or unreasonable on its face. . . . A reasonable reading of the initial Complaint supports the conclusion that [plaintiff] has always intended to proceed against [the local defendant], both before and after removal of this action."). Accordingly, the Court finds it appropriate to consider the additional allegations set forth in Plaintiff's proposed First Amended Complaint.

    **B.    Whether the Retail Defendants Are Fraudulently Joined**

A non-diverse defendant is not fraudulently joined if the plaintiff has any possibility of recovery against it. *Cuevas*, 648 F.3d at 249. This standard is less demanding than the "plausibility" requirement of claims under *Twombly*. *See Shue v. High Pressure Transports, LLC*, No. 10-CV-559-CVE-PJC, 2010 WL 4824560, at n.2 (N.D. Okla. Nov. 22, 2010) ("[A] plaintiff's failure to allege a claim under the *Twombly* standard does not foreclose the possibility of recovery

for the purpose of a fraudulent joinder analysis."). Instead, the fraudulent joinder inquiry turns on whether Plaintiff has "any possibility" of recovering against the Retail Defendants. *See id.* at *6 (noting that while evidence may not ultimately establish defendant's negligence, "the test for fraudulent joinder is whether that liability can certainly not be shown").

Continental contends Plaintiff cannot maintain a claim against the Retail Defendants because of Oklahoma's innocent seller statute, which states that "[n]o product liability action may be asserted against a product seller other than the manufacturer, unless" one of several exceptions applies. OKLA. STAT. tit. 76, § 57.2 (2018). The exceptions include:

> (1) The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that cause the alleged harm for which recovery of damages is sought; or
>
> (2) The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or
>
> (3) The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant[] . . . .

*Id.*

Plaintiff seeks to add allegations that the Retail Defendants negligently serviced or installed the faulty tire and made express and implied warranties as to the safety of the tire for its intended use. The Court need not determine whether Plaintiff can ultimately prove that the Retail Defendants are liable, or even whether their proposed claims satisfy the *Twombly* plausibility standard. *See Shue*, 2010 WL 4824560, at n.2; *see also Brazell*, 525 F.App'x at 881 ("[A] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). As noted in *Shue*,

a finding of fraudulent joinder would be the equivalent of dismissing those Defendants with prejudice, which the Court finds is not justified at this stage.

For the reasons set forth above, Continental has not met its burden to show that the Retail Defendants were fraudulently joined. Accordingly, this case does not satisfy the diversity jurisdiction requirements of § 1332 and must be remanded. Because the Court lacks subject-matter jurisdiction to rule on Plaintiff's Motion to Amend, that motion is moot.

## IV. Conclusion

Plaintiff's Motion for Remand (Doc. 14) is GRANTED, and this action is remanded to the District Court for Tulsa County. Plaintiff's Motion to Amend Complaint (Doc. 15) is MOOT.

**SO ORDERED this 4th day of June, 2018.**

**TERENCE KERN**
**United States District Judge**